UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No.  8:01-cr-454-T-23TBM
                                                      8:06-cv-100-T-23TBM
WILLIE JAMES

                                          /

## O R D E R

James stands convicted pursuant to a plea agreement of distribution of cocaine,

for which offense he is serving a sentence of 262 months. The sentence was imposed

on January 27, 2003, and James did not appeal.  Now, nearly three years later, James

challenges the validity of his sentence in a motion to vacate sentence pursuant to 28

U.S.C. § 2255 and alleges that based on recent case law his sentence was

unconstitutionally enhanced by facts beyond those admitted as part of the plea

agreement.

A motion to vacate must be reviewed prior to service on the Government.  *See*

Rule 4 of the Rules Governing § 2255 Cases.  If the "motion and the files and records of

the case conclusively show that the prisoner is entitled to no relief," the motion is

properly denied without a response from the Government.  28 U.S.C. § 2255.  *See also*

*United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not

required if 'the motion and the files and records of the case conclusively show that the

prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of a Section 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

James' motion is time-barred.  "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ."  28 U.S.C. § 2255.  James one-year limitations period commenced in 2003 and expired in 2004.  Consequently, the motion to vacate sentence, signed in 2006, is untimely.

Alternatively, the one-year limitations period begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."  28 U.S.C. § 2255(3).  James does not benefit from this delayed start of the limitations period because the cases on which he relies, *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*,  ___ U.S. ___, 125 S. Ct. 738 (2005), do not apply to cases on collateral review.  *See In re Dean*, 375 F.3d 1287, 1290 (11th Cir.  2004) ("Because *Blakely,* like *Ring [v. Arizona,* 536 U.S. 584 (2002)], is based on an extension of *Apprendi [v. New Jersey,* 530 U.S. 466 (2000)],

---

[1]    Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."), and *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005) ("Regardless of whether *Booker* established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review.").

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred.  The clerk shall enter a judgment against James and close this action.

ORDERED in Tampa, Florida, on January 24, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro